USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 06/30/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DUWAYNE BLAKE,

                Petitioner,

v.

SCOTT MECHKOWSKI, CHRISTOPHER SHANAHAN, JEH JOHNSON, AND LORETTA E. LYNCH,

                Respondents.

---

No. 15-CV-2724 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Duwayne Blake petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Blake, a lawful permanent resident, has been in immigration detention since September 2014, when he was arrested by U.S. Immigration and Customs Enforcement ("ICE") in connection with removal proceedings. ICE determined that he is subject to mandatory detention under § 236(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(c). Blake argues, however, that he may be detained only under the more permissive INA § 236(a), 8 U.S.C. § 1226(a), and that he is entitled under § 236(a) and the Constitution to a bond hearing before an immigration judge. For the reasons that follow, the petition will be granted.

## BACKGROUND

Blake, who is a Jamaican citizen, became a lawful permanent resident of this country in 2011. Petition ¶ 23 and Ex. D (Order of the Immigration Judge). On April 18, 2012, he was

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Clerk of Court is directed to terminate Eric H. Holder as a defendant and substitute Loretta E. Lynch.

arrested on a narcotics charge and was released on his own recognizance less than 10 days later. *Id.* ¶ 25. On October 3, 2012, Blake pleaded guilty to criminal possession of a controlled substance in the seventh degree, in violation of N.Y.P.L. § 220.03. *Id.*, Ex. E (Certificate of Disposition). He was sentenced to a conditional discharge—a non-incarceratory sentence, *see* N.Y.P.L. § 65.05(2)—plus one year of rehabilitative treatment. *Id.* ¶ 25. He successfully complied with the terms of his conditional discharge and completed the rehabilitation program. *Id.*

Some two years later, on September 25, 2014, ICE took Blake into custody and served him with a Notice to Appear ("NTA"), a document used to commence removal proceedings. *Id.* ¶ 29 & Ex. T (Notice to Appear). The NTA alleges that Blake's conviction makes him deportable pursuant to INA § 237(a)(2)(B)(i), which concerns offenses "relating to a controlled substance." *See id.*, Ex. T at 3. ICE informed Blake that he was subject to mandatory detention without bond under § 236(c). *See id.*, Ex. T at 4 (Notice of Custody Determination).

Blake filed this petition on April 8, 2015. His removal proceedings are ongoing and he remains in immigration detention. After several adjournments made at his counsel's request, Blake's next appearance before an immigration judge is scheduled for July 7, 2015.

## DISCUSSION

While Blake makes several arguments in support of his petition, the Court need only focus on his argument concerning the meaning of "released" in the mandatory detention statute. That statute reads in relevant part:

> The Attorney General shall take into custody any alien who [has been convicted of one or more of certain enumerated offenses or engaged in certain other specified activity] *when the alien is released*, without regard to whether the alien is released on parole, supervised release, or probation, and without regard to whether the alien may be arrested or imprisoned again for the same offense.

8 U.S.C. § 1226(c)(1) (emphasis added). Blake's argument, in a nutshell, is that because he never served a custodial sentence as a result of his narcotics conviction, he was never "released" in the relevant sense—and thus that he is not captured by the mandatory detention statute. *See* Pet.'s Mem. at 16–22. While he agrees that he may be detained by ICE, he argues that any detention must be pursuant to § 236(a), which unlike § 236(c) would afford him the opportunity for a bond hearing (and thus the prospect of living in the community pending his removal proceedings).

In response, the Government points to the fact that the Board of Immigration Appeals ("BIA"), whose reasonable interpretations of the INA receive judicial deference, has determined that the word "release" in § 236(c) can include release from a pre-conviction arrest. *See* Gov't Opp. at 17 (*citing Matter of West*, 22 I. & N. Dec. 1405 (BIA 2000); *Matter of Kotliar*, 24 I. & N. Dec. 124 (BIA 2007)); *see also INS v. Aguirre–Aguirre*, 526 U.S. 415, 424–25 (1999) (holding that principles of *Chevron* deference are applicable to the BIA's interpretations of the INA). In other words, the Government argues that because Blake was arrested in April 2012, and was subsequently "released" on his own recognizance, it is of no consequence that he was not also incarcerated as part of his sentence to be "released" yet again. For purposes of the mandatory detention statute, the initial "release" is enough.

The difficulty with the Government's reasoning has been well explained by Judge Engelmayer. *See Straker v. Jones*, 986 F.Supp.2d 345, 357–63 (S.D.N.Y. 2013). After thoroughly canvassing the relevant statutory language and interpretive principles, Judge Engelmayer concluded that the mandatory detention statute is not triggered "where there has been no antecedent term of imprisonment from which the alien has been released." *Id.* at 362. "[A] release following an arrest, where the alien has not [yet] been convicted of the offense, does not qualify as a 'release'

under § 1226(c)." *Id.* at 363. To the extent the BIA has concluded otherwise, Judge Engelmayer reasoned that such an interpretation was "unworthy of deference." *Id.* at 358.

*Straker* is not alone in reaching that conclusion. "[A]lthough the Second Circuit has yet to resolve this issue, *see Lora v. Shanahan*, No. 14–2343 (oral argument held in pending appeal on April 20, 2015), the emerging consensus in this District, following *Straker*, is that § 1226(c) applies only to aliens who were incarcerated or otherwise subjected to physical restraint pursuant to a conviction for an enumerated offense." *Cruzeta-Bueno v. Aviles*, No. 15-CV-1640 (PAE), 2015 WL 2117848, at *2 (S.D.N.Y. May 5, 2015) (collecting cases). Indeed, "[a]ll of the courts in this District that have addressed the meaning of the word 'release' in the INA's mandatory detention statute have held that only a post-conviction release from physical custody constitutes a 'release' for the purposes of 8 U.S.C. § 1226(c)." *Sutherland v. Shanahan*, No. 15-CV-2224 (RLE), 2015 WL 3540870, at *11 (S.D.N.Y. June 5, 2015).

The Government continues to believe *Straker* was wrongly decided. *See* Gov't Mem. at 18–21. The criticisms that the Government levels at that decision, however, have already been addressed by other judges in this District. *See, e.g., Martinez-Done v. McConnell*, 56 F. Supp. 3d 535, 541–44 (S.D.N.Y. 2014); *Reynoso v. Aviles*, No. 15-CV-3933 (JPO), 2015 WL 3917569, at *2–3 (S.D.N.Y. June 25, 2015). The Court cannot improve upon those thoughtful responses. And while the Court does not ignore the Government's reasonable arguments about what Congress may well have intended in crafting the mandatory detention statute, in light of the statute's text, context, and structure, the most appropriate forum for those arguments is Congress itself.

## CONCLUSION

Because the Court is persuaded that the reasoning in *Straker* is correct with respect to the meaning of "released" in § 236(c), Blake is properly detained only under § 236(a), not § 236(c). He is thus statutorily entitled to a bond hearing and his habeas corpus petition must be GRANTED. The Government is directed to provide Petitioner with an individualized bond hearing by July 7, 2015, when he is scheduled for a conference before an immigration judge.

SO ORDERED.

Dated:   June 30, 2015
         New York, New York

_____
Ronnie Abrams
United States District Judge